# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT HARSH,  Case No. 1:07-cv-867
   Plaintiff

vs

STATE OF OHIO, et al.,  **ORDER**
   Defendants  (Dlott, J.)

Plaintiff, an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 alleging a violation of his rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's amended complaint[1] to determine whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

---

[1] Plaintiff's amended complaint supersedes the original complaint and is the "legally operative complaint." *See Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir. 2000), *cert. denied*, 533 U.S. 951 (2001).

*pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, who is proceeding pro se, brings this action against the State of Ohio, Judge

Patricia S. Oney, Prosecutor David L. Kash, Judge H.J. Bressler, Judge Bennet A. Manning, and Ohio Assistant Attorney General Jerri Fosnaught.  The amended complaint alleges that Judge Oney and Prosecutor Kash violated plaintiff's civil rights by breaking several provisions of Ohio law.  Plaintiff alleges that Judge Oney sentenced him to a seven-year mandatory prison term for a charge that carries no prison time.  Plaintiff alleges that Prosecutor Kash tampered with and altered evidence during the trial of his criminal case.  He further alleges that Judges Manning and Bressler violated Ohio law by denying plaintiff's motions to vacate his sentence and for release on bail, and by denying his other claims relating to his "unconstitutional" sentence. Plaintiff alleges that Assistant Attorney General Fosnaught "denied and tried to cover up for the individuals involved saying none abused their discretion or abused their authority." (Amended complaint at 5a).  Plaintiff states that all of the defendants conspired to keep him wrongfully imprisoned and violated his rights under Ohio law and the United States Constitution.  As relief, plaintiff seeks compensatory and punitive damages.

Plaintiff's claims against defendant State of Ohio are barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The Eleventh Amendment proscribes suits in federal court against the state or any of its agencies or departments unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984), *overruled in part on other grounds by Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  Congress did not abrogate state immunity to suit under 42 U.S.C. § 1983, *see Will,* 491 U.S. at 66-67; *Quern v. Jordan,* 440 U.S. 332, 340-41 (1979), and the State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in

3

the federal courts.  *See Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir.), *cert. denied,* 474 U.S. 824 (1985); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir. 1982).  Therefore, plaintiff's claims against defendant State of Ohio must be dismissed.

Plaintiff cannot maintain a claim for monetary relief against Judges Oney, Bressler, and Manning because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004).  Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978).  *See also Brookings,* 389 F.3d at 617; *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001).  It is clear that the various rulings plaintiff complains about in his state court cases are functions normally performed by judges. *Stump*, 435 U.S. at 362; *Bodell v. McDonald*, 4 Fed. Appx. 276 (6th Cir.)(unpublished), 2001 W.L. 137557,  *cert. denied*, 121 S.Ct. 2595 (2001).  In addition, plaintiff has not alleged facts indicating that these defendants acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607.  Therefore, defendants Oney, Bressler, and Manning are absolutely immune from civil liability in this matter.

Likewise, Prosecutor Kash and Ohio Assistant Attorney General Jerri Fosnaught are immune from damages under section 1983.  "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998), quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  This includes a county prosecutor's initiation of a

prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986), *cert. denied* 481 U.S. 1048 (1987). Absolute immunity also extends beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating . . .judicial proceedings," or "undertak[ing] the defense of a civil suit." *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (citations omitted).

Plaintiff's claim that defendant Kash allegedly tampered with and altered evidence during the presentation of the State's case against plaintiff is included in the grant of immunity. *Imbler*, 424 U.S. at 430. Therefore, defendant Kash is immune from a civil suit for damages under § 1983. Plaintiff's claim against Assistant Attorney General Fosnaught is not entirely clear, but it appears from the other claims in the amended complaint that he objects to his prosecution and conviction in state court and to defendant Fosnaught's actions in subsequent judicial proceedings in which plaintiff sought to overturn his conviction and sentence. The amended complaint contains no facts which indicate that defendant Fosnaught participated in any other kind of activity. Therefore, defendant Fosnaught is entitled to absolute immunity.

Plaintiff also alleges a violation of 42 U.S.C. § 1985(2).[2] To state a claim for relief under the second part of section 1985(2), which proscribes conspiracies to deny or interfere with equal protection rights, plaintiff must allege facts showing racial or other class-based

---

[2]The first part of 42 U.S.C. § 1985(2) concerns the existence of a conspiracy to use threat, force, or intimidation of a witness or party to obstruct justice in federal court, *Ellison v. Leffler*, 30 F.3d 133, 1994 W.L. 276926, **2 (6th Cir. 1994), citing *Dooley v. Reiss*, 736 F.2d 1392, 1395-96 (9th Cir.), *cert. denied*, 469 U.S. 1038 (1984), which is inapplicable to the instant case.

discriminatory animus. *See Ellison v. Leffler*, 30 F.3d 133, 1994 W.L. 276926, **2 (6th Cir. 1994), citing *Kush v. Rutledge*, 460 U.S. 719, 726 (1983); *Bennett v. Batchik*, No. 90-2036, 1991 W.L. 110385, at *6 (6th Cir. 1991). Plaintiff must allege facts showing that the challenged conduct either classifies persons in terms of their ability to exercise a fundamental right or establishes a classification based upon race, national origin, alienage, illegitimacy, or gender. *Willing v. Lake Orion Community Schools Bd. Of Trustees*, 924 F. Supp. 815, 819 (E.D. Mich. 1996). Plaintiff's classification as an incarcerated individual does not qualify. *See Rose v. Leaver*, No. 01-3881, 2002 W.L. 1001028, at *2 (6th Cir. May 15, 2002), citing *Pryor v. Brennan*, 914 F.2d 921, 923 (7th Cir. 1990). Because plaintiff has failed to allege any facts identifying the existence of an invidious class, his amended complaint fails to state a claim for relief under section 1985(2).

Finally, plaintiff has no right to relief under 42 U.S.C. § 1983 since a ruling in his favor would necessarily cast doubt on his state court conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). A § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87. When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction was invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations

or called into question by the issuance of a writ of habeas corpus in order to proceed with the § 1983 action. *Id.*

In this case, plaintiff implies that his conviction and sentence are illegal because defendants violated his constitutional rights in procuring his conviction. A judgment in favor of plaintiff in this action would necessarily imply that his state court conviction and resulting imprisonment are invalid. Since plaintiff has not demonstrated that his conviction has been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with a § 1983 action for money damages. *Id.*

To the extent plaintiff claims the actions of defendants violated the state law of Ohio, the Court declines to exercise pendent jurisdiction over such claims because plaintiff fails to state a viable federal law claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Thus, the state law claims are dismissed without prejudice for lack of jurisdiction.

Accordingly, the Court concludes that plaintiff's amended complaint is **DISMISSED** because it seeks relief against defendants who are immune from such relief and because it fails to state a claim upon which relief may be granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                                    S/Susan J. Dlott
                                                    Susan J. Dlott, Judge
                                                    United States District Court